IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ISLAND INSURANCE COMPANY, LTD., ) ) ) Plaintiff, ) ) vs. ) ) ZIMMER, INC.; ET AL., ) ) Defendants. ) _____ ) | CIV. NO. 15-00033 JMS-RLP ORDER (1) REMANDING ACTION TO THE FIRST CIRCUIT COURT OF THE STATE OF HAWAII; AND (2) DENYING PLAINTIFF ISLAND INSURANCE COMPANY, LTD.'S REQUEST FOR ATTORNEYS' FEES AND COSTS |

## ORDER (1) REMANDING ACTION TO THE FIRST CIRCUIT COURT OF THE STATE OF HAWAII; AND (2) DENYING PLAINTIFF ISLAND INSURANCE COMPANY, LTD.'S REQUEST FOR ATTORNEYS' FEES AND COSTS

## I. INTRODUCTION

Plaintiff Island Insurance Company, Ltd. ("Plaintiff") filed this action in the First Circuit Court of the State of Hawaii alleging state-law products liability claims against Defendants Zimmer, Inc., Zimmer Holdings, Inc., and Zimmer Orthopaedic Surgical Products, Inc. ("Defendants") for an allegedly faulty knee implant Debbora Montgomery ("Montgomery") received to treat an injury she suffered at her workplace, Cataract & Vision Center of Hawaii. The Complaint asserts that Plaintiff was Cataract & Vision Center of Hawaii's workers' compensation insurance carrier, and has subrogation rights to

Montgomery pursuant Hawaii's workers' compensation laws, and in particular, Hawaii Revised Statutes ("HRS") § 386-8. Defendants subsequently removed the action to this court on the basis of diversity jurisdiction.

Currently before the court is Plaintiff's Motion to Remand, arguing that Defendants' removal of this action was improper because 28 U.S.C. § 1445(c) prohibits removal of a civil action arising under a state's workers' compensation laws, and that it is entitled to its fees and costs. Doc. No. 10. Defendants filed an Opposition on February 23, 2015, Doc. No. 17, and Plaintiff filed a Reply on February 25, 2015. Doc. No. 19. Pursuant to Local Rule 7.2(d), the court determines the Motion without a hearing, and REMANDS this action to the First Circuit Court of the State of Hawaii, and DENIES Plaintiffs' request for fees and costs.

## II. BACKGROUND

As alleged in the Complaint, on July 26, 2006, Montgomery slipped and fell while working as an employee at Cataract & Vision Center of Hawaii. Doc. No. 1-1, Compl. ¶¶ 6-7. As a result of the fall, Montgomery experienced persistent pain in her right knee and filed a workers' compensation claim. *Id.* ¶¶ 8-9. On January 25, 2010, Montgomery underwent surgery on her right knee at which time she received a knee implant produced by Defendants. *Id.* ¶¶ 11-13.

On December 7, 2012, a bone scan revealed that Montgomery's implant had failed, requiring Montgomery to undergo a second knee replacement surgery. *Id*. ¶¶ 14-15.

The Complaint further alleges that Plaintiff is Cataract & Vision Center of Hawaii's workers' compensation carrier and is bound under Hawaii's workers' compensation laws to pay benefits to Montgomery. *Id.* ¶ 16. Plaintiff is further subrogated to the claims of Montgomery by virtue of HRS § 386-8. *Id*. Plaintiff asserts that the knee implant Montgomery received was defective, causing Montgomery to undergo additional corrective measures and requiring Plaintiff to pay additional benefits to Montgomery that are directly attributable to this allegedly defective knee implant. *Id.* ¶¶ 17-18. Plaintiff seeks to recover these damages from Defendants, and asserts state-law products liability claims titled (1) Strict Liability for Design Defect; (2) Strict Liability for Manufacturing Defect; (3) Strict Liability for Failure to Warn; (4) Negligence; (5) Negligent Misrepresentation; (6) Intentional Misrepresentation; (7) Breach of Express Warranty; (8) Breach of Implied Warranty; and (9) Unfair and/or Deceptive Trade Practice in Violation of [HRS] §§ 480-1 et seq.

///

///

# III.  STANDARD OF REVIEW

Under the general remand statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Such removal can be based on either diversity jurisdiction or federal question jurisdiction.  *See* 28 U.S.C. §§ 1441(b) & (c).  Plaintiff may seek remand, and 28 U.S.C. § 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

"Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)).  Thus, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"  *Hunter v. Philip Morris USA*, 582 F.3d

4

1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)) (alterations in original).  This "'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."  *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

## IV.  ANALYSIS

### A.    Non-Removability Under 28 U.S.C. § 1445

Plaintiff brought this action alleging various state law claims pursuant to HRS § 386-8, which confers a right of subrogation on employers who pay workers' compensation benefits to seek damages from a responsible third party. Plaintiff argues that this action is non-removable in light of 28 U.S.C. 1445(c), which provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  Thus, at issue is whether Defendants have carried their burden of establishing that this civil action does not "arise under" Hawaii's workers' compensation laws within the meaning of 28 U.S.C. § 1445(c).

Whether this civil action arises under Hawaii's workers' compensation laws for the purposes of § 1445(c) is a question of federal law.  *See,*

*e.g.*, *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972).  Although the

Ninth Circuit has not addressed the meaning of a "civil action . . . arising under"

as used in § 1445(c), "other courts of appeals agree that 'arising under' in

§ 1445(c) has the same meaning as 'arising under' in 28 U.S.C. § 1331, which

governs federal question jurisdiction."  *Beaver v. NPC Int'l, Inc.*, 451 F. Supp. 2d

1196, 1200 (D. Or. 2006) (collecting cases); *see also S.F. Bay Area Rapid Transit*

*Dist. v. Gen. Reinsurance Corp.*, 2014 WL 2960015, at *2 (N.D. Cal. June 30,

2014) (same); *Morra v. Ryder Truck Rental, Inc.*, 2012 WL 486957, at *3 (E.D.

Cal. Feb. 14, 2012) (same); *Sandoval v. Mercedes-Benz USA, LLC*, 2011 WL

9369968, at *1 (C.D. Cal. Aug. 12, 2011) (same).[1]

The Supreme Court recently clarified that under § 1331, a civil action

"aris[es] under" federal law in one of two ways.  "Most directly, a case arises

---

[1] *Gunn v. Minton* interpreted the term "arising under" identically in 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) under the principle of "linguistic consistency."  133 S. Ct. 1059, 1064 (2013).  And because § 1445(c), like §§ 1331 and 1338(a), is a jurisdictional-based statute, the term "civil action . . . arising under" should be given the same meaning in all these statutes.  Although "identical language may convey varying content when used in different statutes, sometimes even in different provisions of the same statute," *Yates v. United States*, 2015 WL 773330, at *6 (S. Ct. Feb. 25, 2015) (plurality slip op., at 8), the court must "interpret particular words 'in their context and with a view to their place in the overall statutory scheme.'"  *Id.* at *14 (Kagan, J., dissenting).  Construing "arising under" in § 1445(c) identically to § 1331 as set forth below also appears consistent with the policy rationales underlying § 1445(c), including (1) protecting a plaintiff, and nonconsenting defendants, from having the plaintiff's choice of a state-forum disturbed, (2) the "congressional concern for the states' interest in administering their own workers' compensation schemes," and (3) a congressional concern that workers' compensation claims had increased the workload of the federal courts.  *See Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1061 & 1061 n.6 (9th Cir. 2002).

under federal law when federal law creates the cause of action asserted.  As a rule of inclusion, this 'creation' test admits of only extremely rare exceptions, and accounts for the vast bulk of suits that arise under federal law[.]" *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (citations omitted).  "But even where a claim finds its origins in state rather than federal law[, there is a second] 'special and small category' of cases in which arising under jurisdiction still lies." *Id*. (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).  For this second category, *Gunn* describes that the court must ask:

> Does the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"?  That is, federal jurisdiction over a state law claim will lie if a federal issue is:
> (1) necessarily raised, (2) actually disputed,
> (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

*Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).  Applying these § 1331 principles to § 1445(c), this action arises under Hawaii's workers' compensation laws if (1) Hawaii's workers' compensation laws create the cause of action asserted; or (2) Hawaii's workers' compensation laws are necessarily raised, actually disputed, substantial, and

incapable of resolution in federal court without disrupting the federal-state balance approved by Congress.

Here, Plaintiff's case is premised on a workers' compensation statutory right of subrogation. In particular, HRS § 386-8 provides in relevant part:

> When a work injury for which compensation is payable under this chapter has been sustained under circumstances creating in some person other than the employer or another employee of the employer acting in the course of his employment a legal liability to pay damages on account thereof, the injured employee or his dependents (hereinafter referred to collectively as the employee) may claim compensation under this chapter and recover damages from such third person.
> . . .
> If within nine months after the date of the personal injury the employee has not commenced an action against such third person, the employer, having paid or being liable for compensation under this chapter, shall be subrogated to the rights of the injured employee. Except as limited by chapter 657, the employee may at any time commence an action or join in any action commenced by the employer against such third person.

Based on this plain language, HRS § 386-8 allows the employer to bring a subrogation action against a third party liable for an employee's injuries, and now Plaintiff, as Cataract & Vision Center of Hawaii's insurer, stands in its shoes in bringing this action. And overall, this is a subrogation action premised on various

common law principles (*e.g.*, products liability).  Given that this is a subrogation

action based on HRS § 386-8, it appears that this action "arises under" Hawaii's

workers' compensation laws for purposes of § 1445(c).  Indeed, other courts have

previously applied this reasoning to find that where a state workers' compensation

law provides for subrogation, such action "arises under" the workers'

compensation laws and is therefore non-removable pursuant to § 1445(c).[2]

      In opposition, Defendants argue that the right of subrogation exists at

common law, *see* Doc. No. 17, Defs.' Opp'n at 3-4, suggesting that this action

does not arise under Hawaii's workers' compensation laws.  The court rejects this

argument for several reasons.  First, Defendants' argument ignores that Plaintiff

did in fact invoke HRS § 386-8 as the basis for bringing this action against

Defendants.  The court will not reinterpret this action to be based on some other

law, especially where § 1445(c) is read broadly to further its intent that *all* cases

arising under a state's workers' compensation scheme remain in state court.  *See*

---

[2] *See, e.g.*, *Snelling Emp't, LLC v. Cousins Packaging, Inc.*, 2015 WL 328402, at *1 (N.D. Cal. Jan. 23, 2015) (determining that the plaintiff's subrogation claims arose under California workers' compensation laws and are not removable); *Johnson v. Harris Waste Mgmt. Grp.*, 2014 WL 4656500, at *1 (W.D. Ark. Sept. 17, 2014) (affirming that subrogation claim arose under state workers' compensation laws and was not removable); *Al. Home Builders Insurers Fund v. Project Builders, Inc.*, 2012 WL 2359402, at *3 (M.D. Ala. June 20, 2012) (determining that subrogation claim arose under state worker's compensation law and is not removable because "Alabama's Workers' Compensation Act creates the statutory scheme that permits the Plaintiffs to proceed against these defendants.").

*Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) ("Because Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, we believe that we should read section 1445(c) broadly to further that purpose.")

Second, Defendants never articulate whether Plaintiff could actually bring its products liability claims against Defendant based on injuries sustained by Montgomery *absent* HRS § 386-8, and/or whether such action would be the same in both form and substance as this action. The court will not speculate as to what action Plaintiff could have brought against Defendant independent of HRS § 386-8; rather, Defendant has the burden of establishing that removal is proper and this doubt must be resolved against removability. *See Hawaii ex rel. Louie*, 761 F.3d at 1034.

Defendants also argue that the subrogation cases cited above finding nonremovability (in footnote 2) are distinguishable because they all involved workplace injuries, and in this case, the personal injury giving rise to this action is not a work injury. Defendants argue that Plaintiff does not seek compensation for a workplace injury because although Montgomery injured her knee at work, she did not receive her knee implant until over three-and-half years later, and did not learn that it failed until two years and ten months after the implant. *See* Doc. No.

17, Defs.' Opp'n at 12. Such argument goes to the merits of this action, not the jurisdiction of this court. Rather, Plaintiff asserts that it is required to provide benefits to Montgomery under Cataract and Vision Center of Hawaii's workers' compensation policy, and seeks those damages from Defendants through HRS § 386-8. Again, the court will not reinterpret the plain words of the Complaint to find jurisdiction where Defendants have that burden and any doubts are resolved against removability.

Finally, Defendants argue that the court should follow *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995), and *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725-26 (7th Cir. 1994), which provide that the workers' compensation law at issue must be an element of Plaintiff's cause of action. *See Humphrey*, 58 F.3d at 1246 ("To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."); *Spearman*, 16 F.3d at 725-26 ("[T]he dependence of a claim on federal law does not mean that the claim arises under that law, unless the suit presents a dispute about the validity, construction, or effect of the law."). The court rejects this argument. *Humphrey* and *Spearman* predate *Gunn* and its clear delineation of the two categories of cases that "arise under" federal law for purposes of § 1331. As a

result, *Humphrey* and *Spearman* focused on only the second, smaller category of cases requiring that the law at issue is necessarily raised, actually disputed, substantial, and incapable of resolution in federal court without disrupting the federal-state balance approved by Congress. In comparison, the court finds that Hawaii's workers' compensations laws create the very ability for Plaintiff to bring this action against Defendant and therefore are the basis of this action. Thus, *Humphrey* and *Spearman* do not carry Defendant's burden of establishing that this action falls outside of § 1445(c)'s broad reach.

In sum, the court finds that Defendants have not carried their burden of resolving any doubt as to this court's jurisdiction. The court therefore GRANTS Plaintiff's Motion to Remand. Because Defendants failed to carry their burden and "it appears that the district court lacks subject matter jurisdiction, this case shall be remanded." 28 U.S.C. § 1447(c). And because this Order remanding for lack of subject matter jurisdiction "is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), it is not subject to reconsideration. *See Seedman v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (explaining that § 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court," and that "[o]nce a district court

certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case").

## B.    Attorneys' Fees

Plaintiff also seeks an award of attorneys' fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The standard for awarding attorneys' fees when remanding a case to state court "should turn on the reasonableness of the removal."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin*, 546 U.S. at 141.

Although the court finds that this action is non-removable under 28 U.S.C. § 1445(c), Defendants presented an objectively reasonable basis for seeking removal.  Indeed, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  *Lussier*, 518 F.3d at 1065.  The court

therefore DENIES Plaintiff's request for fees and costs incurred as a result of the removal.

## V. <u>CONCLUSION</u>

Based on the above, the court GRANTS in part and DENIES in part Plaintiff's Motion to Remand. Specifically, the court REMANDS this case to the First Circuit Court of the State of Hawaii, and DENIES Plaintiff's request for attorneys' fees and costs. The court directs the Clerk of Court to remand this action forthwith to the First Circuit Court of the State of Hawaii.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 26, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Island Ins. Co. v. Zimmer Inc., et al.*, Civ. No. 15-00033 JMS-RLP, Order (1) Remanding Action to the First Circuit Court of the State of Hawaii; and (2) Denying Plaintiff Island Insurance Company, Ltd.'s Request for Attorneys' Fees and Costs

14